Joanna Ardalan (*Pro Hac Vice* forthcoming)
Email: jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
Boat Bling, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Boat Bling, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>Bling Chemicals, LLC, a Washington limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>(1) **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>(2) **COUNTERFEITING**<br>(3) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION (15 U.S.C. § 1125(a));**<br>(4) **COMMON LAW TRADEMARK INFRINGEMENT; AND**<br>(5) **COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Boat Bling, Inc. ("Plaintiff" or "Boat Bling"), by and through its attorneys of record, complains against Defendant Bling Chemicals LLC ("Bling Chemicals"), and Does 1 through 10, inclusive (collectively "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for trademark infringement, counterfeiting, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, trademark infringement under Arizona common law, and unfair competition under Arizona common law.

2. This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1338(a)-(b), and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this judicial district and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of Arizona. Moreover, Defendants have engaged in direct trademark infringement, or have otherwise induced trademark infringement in this judicial district and Defendants have sold the infringing products to customers in this district.

## PARTIES

4. Boat Bling, Inc. is a corporation existing under the laws of Arizona, with its principal place of business in Phoenix, Arizona.

5. On information and belief, Bling Chemicals LLC is a limited liability company existing under the laws of Washington, with its principal place of business in Yakima, Washington.

6. Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated here as a "DOE" is legally responsible in some manner for the events and happenings herein alleged and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

7. Boat Bling is the world's leading developer of boat, automotive, and RV premium cleaning products. Founded in 2004, it is now distributed globally, including through 10,000 retail outlets, and is sold through some of the biggest retailers in the world, such as West Marine, Bass Pro, Cabela's, Academy Sports, AutoZone, Amazon, Walmart, and others.

8. Consumers and professionals know Boat Bling's products as innovative, world class cleaning products that offer professional results for amateur efforts. Boat Bling's trademarks are instantly recognizable in the market.

9. Boat Bling has spent substantial time, money, and effort in developing consumer recognition, its goodwill, and awareness of its registered trademarks, including of its trademarks 'BOAT BLING', 'BLING SAUCE', and 'BLING SAUCE PLATINUM.' Through the extensive use of its marks, Boat Bling has built and developed significant goodwill in its products. Boat Bling's marks (hereinafter "the Marks") include:

    a. **'BOAT BLING'** (Standard Character Mark) for "Beautifiers and preservatives, namely, cosmetic creams, shampoos, polishes, cleaners and waxes for detailing boats; preservatives and beautifiers for rubber, vinyl, leather and plastic found on boats, namely, cosmetic creams, shampoos, polishes, cleaners

3
**COMPLAINT**

and waxes; boat polishes; boat cleaners; boat wash preparations; polishes and waxes for boats", United States Patent and Trademark registration number 4,690,615 (the '615 Mark). A true and correct copy of the '615 Mark is attached hereto as **Exhibit A**.

    b.   **'BLING SAUCE'** (Standard Character Mark) for "automobile and boat wax; automobile and boat polish; automobile and boat cleaners," United States Patent and Trademark registration number 5,909,718 (the '718 Mark). A true and correct copy of the '718 Mark is attached hereto as **Exhibit B**.

    c.   **'BLING SAUCE PLATINUM'** (Standard Character Mark) for "preparations for cleaning, preserving, beautifying, and protecting rubber, plastic, and leather surfaces from ultraviolet (UV) radiation; preparations for cleaning, preserving, beautifying, and protecting rubber, plastic, and leather vehicle surfaces found on automobiles, recreational vehicles, and boats from ultraviolet (UV) radiation; glass cleaners; cleaners for windshields, touch screens, and electronic displays" United States Patent and Trademark registration number 7,459,999 7,459,999 (the '99 Mark). A true and correct copy of the '999 Mark is attached hereto as **Exhibit C**.

## DEFENDANTS' UNLAWFUL ACTIVITIES

10. Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendants have, without the consent of Plaintiff, offered to sell and sold within the United States, goods that were neither made by nor authorized by Boat Bling, by affixing marks that have actually caused confusion to consumers and continue to do so.

11. Thus, Boat Bling is informed and believes, and based thereon alleges, that in order to receive a greater market share and to trade on the reputation of Boat Bling, Defendants have held themselves out to be sponsored by, affiliated with, and otherwise connected with Boat Bling through use of the Marks.

12. Specifically, Defendants have advertised, sold, distributed, displayed, and have offered for sale illegitimate products bearing the mark "BLING" in connection with cleaning products, including those marketed for use on automobiles and RVs, without consent, license, or approval. Attached hereto as **Exhibit D** and **Exhibit E** are true and correct copies of screenshots of products ("Infringing Products") that continue to be sold by Defendants.

13. Defendants' actions have already confused and deceived, and threaten to further confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized BLING-branded products sold and distributed by Defendants. By its wrongful conduct, Defendants have traded upon and diminished the goodwill of the Boat Bling Marks. Further, the sale and distribution of counterfeit goods by Defendants have infringed upon the Marks.

14. Boat Bling has received numerous inquiries from consumers and its distributors that demonstrate actual confusion. For example, Boat Bling's distributors have inquired with Boat Bling about whether they had another product line, while referring to Bling Chemicals' products. In addition, consumers have emailed Boat Bling to inquire about the product they ordered, but had not yet received, while referring to Bling Chemicals' products and poor customer service.

15. Defendants, by offering to sell, selling, importing, and encouraging others to import counterfeit goods in this manner, are causing and are likely to cause further confusion or mistake or deceive consumers who purchase the unauthorized and counterfeit goods.

16. On information and belief, Defendants also offered to sell, sold, import, and/or encouraged others to import for purpose of resale within the United States counterfeit goods consisting of reproductions and/or copies of the products bearing the Boat Bling Marks. Defendants' use of the Boat Bling Marks was done without Boat Bling's authorization.

## FIRST CAUSE OF ACTION

### Trademark Infringement (15 U.S.C. § 1114)

17. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16 above as though fully set forth herein.

18. Boat Bling is the legal owner of the federally registered Marks, which include 'BOAT BLING', 'BLING SAUCE', 'BLING SAUCE PLATINUM', as set forth in detail in the foregoing paragraphs.

19. The Marks are valid, protectable, and distinctive trademarks that Boat Bling, continuously uses and used to promote its goods since the date of first use as designated in the USPTO records.

20. Defendants have used the 'BLING' mark which is confusingly similar to the Marks in violation of 15 U.S.C. § 1114, in connection with car and RV cleaners.

21. Indeed, Defendants' use of confusingly similar imitations of the Marks, each of which is registered, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products are manufactured, produced, distributed, endorsed, sponsored, approved, or connected with Boat Bling. Plaintiff is informed and believes, and based thereon alleges, that Defendants utilized the Boat Bling Marks in order to create consumer confusion and has in fact created consumer confusion including but not limited to initial interest confusion and confusion as to affiliation or association between Boat Bling on one hand and Defendants on another.

22. At no time did Defendants have the authorization, legal right, or consent to engage in such activities in disregard of Boat Bling's rights in the Boat Bling Marks.

23. Defendants' actions complained of herein were intentional, willful, and malicious with a deliberate intent to trade on the goodwill associated with the Boat Bling Marks.

24. Plaintiff is informed and believes, and based thereon alleges, that as a proximate result of the unfair advantage accruing to Defendants' business from deceptively trading on Boat Bling's advertising, sales, and consumer recognition, Defendants have made substantial sales and profits in amounts to be established according to proof.

25. As a proximate result of the unfair advantage accruing to Defendants' businesses from deceptively trading on Boat Bling's advertising, sales, and consumer recognition, Boat Bling has been damaged and deprived of substantial sales and has been deprived of the value of its trademark as a commercial asset, in amounts to be established according to proof.

26. Plaintiff is informed and believes, and based thereon alleges, that unless restrained by the Court, Defendants will continue to infringe the Boat Bling Mark, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception. Further, Plaintiff is informed and believes, and based thereon alleges, that in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin sponsorship, and affiliation of Defendants and their goods.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts were committed, and continue to be committed, with actual notice of Boat Bling's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and cause injury to the reputation and goodwill

associated with Boat Bling and Boat Bling's products. At a minimum, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117. In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing materials in Defendants' possession.

## SECOND CAUSE OF ACTION
## Trademark Counterfeiting (15 U.S.C. § 1116)

28. Plaintiff incorporates by reference the allegations in paragraphs 1 through 27 above as though fully set forth herein.

29. Counterfeiting has been recognized as a serious issue resulting in tremendous losses to American businesses. To combat counterfeits, Congress passed the Anti-Counterfeiting Consumer Protection Act of 1966 (ACPA).

30. Defendants' actions also constitute use of one or more "counterfeit marks" as defined in 15 U.S.C. § 1116(d)(1)(B).

31. Defendants' unauthorized use of 'BLING' in connection with the sale and offer for sale of the counterfeit goods has caused and is causing consumer confusion about the source and sponsorship of these counterfeit goods.

32. Defendants' sale of these counterfeit products has caused considerable damage to the goodwill of Boat Bling and diminished the brand recognition of the Boat Bling's registered trademarks.

33. The sales of these counterfeit products by Defendants have further resulted in lost profits to Boat Bling and have resulted in a windfall for Defendants.

34. Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

35. Because of the willful nature of the counterfeiting, Plaintiff is entitled to an award of statutory damages of up to $2,000,000 per mark infringed under 15 U.S.C. § 1117(c)(2).

36. In the alternative, and at a minimum, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, cost, and reasonable attorneys' fees under 15 U.S.C. § 1117(b).

37. The acts of direct and/or contributory counterfeiting committed by the Defendants have caused and will continue to cause, Plaintiff irreparable harm unless enjoined by this Court.

## THIRD CAUSE OF ACTION

**False Designation of Origin/Unfair Competition (15 U.S.C. § 1125(a))**

38. Plaintiff incorporates by reference the allegations in paragraphs 1 through 37 above as though fully set forth herein.

39. Boat Bling is informed and believes, and based thereon alleges, that the Boat Bling Marks have become associated in the minds of consumers with Boat Bling and its respective goods.

40. Defendants have caused to enter into interstate commerce car and RV cleaning products that Defendants marketed through use of marks that are likely to cause confusion to the Marks.

41. The marketing and sale of Defendants' car and RV cleaning products constitute false designation of origin, which is likely to cause confusion and mistake and to deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by Boat Bling.

42. Boat Bling is informed and believes, and based thereon alleges, that as a proximate result of Defendants' false designation of origin, Defendants stand to make substantial sales and profits in amounts to be established according to proof.

43. Boat Bling is informed and believes, and based thereon alleges, that unless restrained by this Court, Defendants will continue to designate falsely the origin of their goods, causing irreparable damage to Plaintiff and engendering a multiplicity of lawsuits. Pecuniary compensation will not afford Boat Bling adequate relief for its resulting damages. Further, Plaintiff is informed and believes, and based thereon alleges, that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' goods and services.

44. Boat Bling is informed and believes, and based thereon alleges, that Defendants' acts were committed, and continue to be committed, with actual notice of the Boat Bling Marks and with an intent to cause confusion, to cause mistake, and to deceive, and to cause injury to the reputation and goodwill associated with Boat Bling and Boat Bling's genuine products.

## FOURTH CAUSE OF ACTION

### (State Common Law Trademark Infringement)

45. Plaintiff incorporates by reference the allegations in paragraphs 1 through 44 above as though fully set forth herein.

46. Defendants' conduct as alleged herein constitutes trademark infringement under the state common law of Arizona.

47. Defendants' acts of trademark infringement, unless enjoined, will cause Boat Bling to sustain monetary damages, loss, and injury in an amount to be determined in this action.

48. Boat Bling is without an adequate remedy at law because Defendants' infringement has caused irreparable injury to Boat Bling, and unless said acts are enjoined by this Court, they will continue, and Boat Bling will continue to suffer irreparable injury.

## FIFTH CAUSE OF ACTION

### (State Common Law Unfair Competition)

49. Plaintiff incorporates by reference the allegations in paragraphs 1 through 48 above as though fully set forth herein.

50. This cause of action is for unfair competition under the common law of the State of Arizona.

51. Defendants' conduct and unauthorized use of the Boat Bling Marks constitutes unfair competition.

52. As a direct and proximate result of the acts and activities of Defendants complained of herein, Boat Bling has been damaged in an amount not yet ascertainable. When Boat Bling has ascertained the full amount of damages, it will seek leave of court to amend this Complaint accordingly.

53. Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, with full knowledge of the adverse effect of their actions on Boat Bling, and with willful and deliberate disregard for the consequences to Boat Bling. As such, Boat Bling is entitled to recover actual damages, in addition to punitive or exemplary damages in an amount sufficient to defer Defendants from similar conduct in the future.

54. Boat Bling is without an adequate remedy at law because Defendants' infringement has caused irreparable injury to Boat Bling, and unless said acts are enjoined by this Court, they will continue and Boat Bling will continue to suffer irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. With regard to Boat Bling's claim for counterfeiting:

    a. For Defendants' profits and statutory damages of $2,000,000 per registered mark under ACPA;

  b.  For Defendants profits, these profits being trebled;

  c.  For attorneys' fees;

  d.  For costs of suit;

  e.  For joint and several liability for landlords, officers, and directors for the knowing participation in the counterfeiting activities of the respective Defendants; and

  f.  For the impoundment and destruction of all counterfeit products, as well as the destruction of all tools, machines or other instrumentalities that were used to manufacture and display the counterfeit products;

2. With regard to Boat Bling's claim for trademark infringement and false designation of origin:

  a.  For Defendants' profits pursuant to the Lanham Act;

  b.  For damages sustained by the Plaintiff for trademark infringement;

  c.  For trebling of damages for Defendants' willful conduct;

  d.  For attorneys' fees; and

  e.  For costs of suit;

3. For actual damages and punitive damages in an amount to be proven at trial for Plaintiff's claim for unfair business practices under Arizona Common Law Unfair Competition.

4. For an order preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with them and each of them from the import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the unauthorized and counterfeit

1  Boat Bling products as identified in the complaint and any other unauthorized
2  Boat Bling product or colorful imitation thereof;

3      5.    For an order pursuant to 15 U.S.C. § 1116(a) directing Defendants to
4  file with the court and serve on Boat Bling within thirty (30) days after issuance of
5  an injunction, a report in writing and under oath setting forth in detail the manner
6  and form in which Defendants have complied with the injunction;

7      6.    For an order from the Court requiring that Defendants provide
8  complete accountings and for equitable relief, including that Defendants disgorge
9  and return or pay their ill-gotten gains obtained from the illegal transactions
10 entered into and pay restitution, including the amount of monies that should have
11 been paid if Defendants had complied with their legal obligations, or as equity
12 requires;

13     7.    For an order pursuant to 15 U.S.C. § 1118, requiring that Defendants
14 and all others acting under Defendants' authority, at their cost, be required to
15 deliver to Plaintiff for destruction of all products, accessories, labels, signs, prints,
16 packages, wrappers, receptacles, advertisements, and other material in their
17 possession, custody or control baring any of the Boat Bling trademarks;

18     8.    For an award of exemplary and punitive damages in amount to be
19 determined by the Court;

20     9.    For reasonable attorneys' fees;

21     10.    For costs of suit; and

22     11.    For such other and further relief as the Court may deem just and
23 equitable.

Dated: September 18, 2025        **ONE LLP**

                                          By: /s/ Joanna Ardalan
                                               Joanna Ardalan (*Pro Hac Vice* Forthcoming)
                                               Attorneys for Plaintiff,
                                             Boat Bling, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Boat Bling, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: September 18, 2025        **ONE LLP**

By: /s/ Joanna Ardalan
   Joanna Ardalan (*Pro Hac Vice* Forthcoming)
   Attorneys for Plaintiff,
   Boat Bling, Inc.