**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Boat Bling Incorporated,

Plaintiff,

v.

Bling Chemicals LLC, et al.,

Defendants.

No. CV-25-03447-PHX-SHD

**ORDER**

Before me is Bling Chemicals, LLC's ("Bling Chemicals") Partial Motion to Dismiss ("Motion"). (Doc. 9.) For the reasons stated below, the motion will be **granted**.

## I.      BACKGROUND

Boat Bling, Inc. ("Boat Bling") is an Arizona corporation that develops and sells cleaning products for boats, automobiles, and recreational vehicles. (Doc. 1 at ¶¶ 4, 7.) Boat Bling distributes its products globally through approximately 10,000 retail outlets. (*Id.* at ¶ 7.) Boat Bling owns three federally registered trademarks: (1) BOAT BLING (Reg. No. 4,690,615), registered for various boat cleaning and detailing preparations, with the word "BOAT" disclaimed; (2) BLING SAUCE (Reg. No. 5,909,718), registered for automobile and boat wax, polish, and cleaners; and (3) BLING SAUCE PLATINUM (Reg. No. 7,459,999), registered for various cleaning and UV-protection preparations for automobiles, recreational vehicles, and boats. (*Id.* at ¶ 9; Doc. 1-1 at 2–9.)

Boat Bling alleges that Bling Chemicals has, without authorization, sold cleaning products bearing a mark confusingly similar to Boat Bling's registered marks in an effort

to suggest an affiliation with Boat Bling and trade on Boat Bling's reputation. (Doc. 1 at ¶¶ 10–11.) Specifically, Boat Bling alleges that Bling Chemicals has "advertised, sold, distributed, displayed, and [has] offered for sale illegitimate products bearing the mark 'BLING' in connection with cleaning products, including those marketed for use on automobiles and RVs," without Boat Bling's consent, license, or approval. (*Id.* at ¶ 12.) Boat Bling attaches to the Complaint screenshots from Bling Chemicals' website depicting products such as "Bling Brightener," "Bling Rampage," and "Bling Absolute Acid," each labeled with "BLINGCHEMICALS.COM" branding. (Doc. 1-1 at 11–15.)

Boat Bling alleges that Bling Chemicals has "traded upon and diminished the goodwill" of Boat Bling's marks and that "the sale and distribution of counterfeit goods by [Bling Chemicals] have infringed upon the Marks." (Doc. 1 at ¶ 13.) Boat Bling alleges that Bling Chemicals' conduct has caused actual confusion among both distributors and consumers. (*Id.* at ¶¶ 13–14.) For example, distributors have asked Boat Bling whether it had launched a new product line while referring to Bling Chemicals' products, and consumers have emailed Boat Bling about orders they had actually placed with Bling Chemicals. (*Id.* at ¶ 14.) Boat Bling further alleges, on information and belief, that Bling Chemicals has offered to sell, sold, imported, or encouraged others to import "counterfeit goods consisting of reproductions and/or copies of the products bearing the Boat Bling Marks." (*Id.* at ¶ 16.)

Boat Bling filed this action on September 18, 2025, asserting five causes of action: (1) trademark infringement under 15 U.S.C. § 1114; (2) trademark counterfeiting under 15 U.S.C. § 1116; (3) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (4) common law trademark infringement; and (5) common law unfair competition. (*Id.* at 6–11.) On November 18, 2025, Bling Chemicals filed the Motion, seeking dismissal with prejudice of only the Second Cause of Action for trademark counterfeiting. (Doc. 9.) Bling Chemicals argues that Boat Bling has failed to plead facts showing that Bling Chemicals used a mark identical to or substantially indistinguishable from Boat Bling's registered marks, and that any amendment would be futile because the

mark "BLING" is facially distinct from BOAT BLING, BLING SAUCE, and BLING SAUCE PLATINUM. (*Id.* at 5–8.) Boat Bling responded, (Doc. 11), and Bling Chemicals replied, (Doc. 12).[1]

## II.    MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this determination, legal conclusions are not accepted as true, nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" considered. *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). A "well-pleaded complaint may proceed even if . . . actual proof of those facts is improbable, and [ ] a recovery is very remote and unlikely." *Id.* at 556 (citation modified).

## III.    DISCUSSION

### A.    Claim for Counterfeiting

To plead a counterfeiting claim, a plaintiff must establish (1) a non-genuine mark identical to or substantially indistinguishable from the plaintiff's registered, genuine mark, where (2) the plaintiff's genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011); *see also* 15 U.S.C. § 1127 (defining counterfeit as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark").

---

[1]    The parties did not request oral argument, and it is not necessary, so this motion is decided without holding a hearing. *See* LRCiv 7.2(f).

"Counterfeiting is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark." *Boost Beauty, LLC v. Woo Signatures, LLC*, 2019 WL 560277, at *5 (C.D. Cal. Feb. 11, 2019) (quoting McCarthy on Trademarks and Unfair Competition § 25:10 (5th ed. 2018) (emphasis omitted)). It is the "hard core" or "first degree" of trademark infringement—conduct that "seeks to trick the consumer into believing he or she is getting the genuine article, rather than a colorable imitation." *Hsiao & Montano, Inc. v. Xstatic Pro Inc.*, 2023 WL 4205811, at *10 (C.D. Cal. May 18, 2023) (quoting McCarthy on Trademarks and Unfair Competition § 25:10). Because counterfeiting is reserved for "hard core" infringement, the "substantially indistinguishable" standard "requires a closer degree of similarity than is required for traditional trademark infringement." *Ningbo Aux Elec. Co. v. Best Houseware Inc.*, 2026 WL 1773251, at *4 (C.D. Cal. June 4, 2026) (quotation marks omitted). "If consumers can recognize differences between two marks from a cursory visual inspection, then the accused mark is not substantially indistinguishable." *Coach, Inc. v. Citi Trends, Inc.*, 2019 WL 1940622, at *4 (C.D. Cal. Apr. 5, 2019) (cleaned up).

Boat Bling's counterfeiting claim fails at the threshold. Boat Bling's registered marks are BOAT BLING, BLING SAUCE, and BLING SAUCE PLATINUM. (Doc. 1 at ¶ 9.) Bling Chemicals allegedly uses the mark "'BLING' in connection with cleaning products, including those marketed for use on automobiles and RVs" such as "Bling Brightener," "Bling Rampage," and "Bling Absolute Acid," each labeled with "BLINGCHEMICALS.COM" branding. (*Id.* at ¶ 12; Doc. 1-1 at 11–15.) Boat Bling's counterfeiting theory rests on Bling Chemicals' use of "BLING." (Doc. 1 at 8–9.) But "BLING" is not identical to any of Boat Bling's registered marks. Nor is it substantially indistinguishable: an average consumer conducting even a cursory visual inspection would immediately recognize that "BLING" alone is different from the multi-word marks "BOAT BLING," "BLING SAUCE," and "BLING SAUCE PLATINUM." *See Ningbo Aux*, 2026 WL 1773251, at *5 (finding "AUX/BHI" and "AUXUSA" not substantially indistinguishable from "AUX" because the additions "alter the commercial impression of

the mark").

Bling Chemicals relies on *Arcona, Inc. v. Farmacy Beauty, LLC*, which reinforces this conclusion. Even when a shared identical phrase is involved, courts have dismissed counterfeiting claims when the products are visually distinguishable because of their packaging or bear their respective house marks. *Arcona, Inc. v. Farmacy Beauty, LLC*, 2019 WL 1260625, at *3 (C.D. Cal. Mar. 19, 2019) (concluding that two products both containing the identical mark "EYE DEW," were not substantially indistinguishable, in part because "[e]ach product bears their respective house marks"). The *Arcona* reasoning applies here with greater force: the marks are not identical, and Bling Chemicals' products prominently bear its own "BLINGCHEMICALS.COM" house mark. (*See* Doc. 1-1 at 11–15.)

Boat Bling's contention that the disclaimer of "BOAT" in the '615 registration renders "BLING" the "dominant" term and therefore substantially indistinguishable from BOAT BLING does not change the analysis. Boat Bling's lead authority, *Hewlett-Packard Co. v. Packard Press, Inc.*, is a likelihood-of-confusion case arising from an opposition to a trademark registration; it does not address counterfeiting at all. 281 F.3d 1261, 1266 (Fed. Cir. 2002) (applying the *DuPont* factors to determine likelihood of confusion). The dominant-term principle Boat Bling invokes is a tool for the likelihood-of-confusion inquiry, not a substitute for counterfeiting's stricter identicality requirement.[2] Boat Bling cites no authority applying the dominant-term principle to the counterfeiting analysis, and I decline to extend it here.

Boat Bling's remaining arguments do not save the counterfeiting claim. Its allegations of actual confusion, (Doc. 11 at 6), while relevant to its surviving trademark infringement claim, address likelihood of confusion—a separate element counterfeiting must independently satisfy on top of the identicality requirement. *See Louis Vuitton Malletier*, 658 F.3d at 946. And its contention that whether marks are "substantially

---

[2] Although a plaintiff may satisfy the first element of a counterfeiting claim by showing that the offending mark is either identical to or substantially indistinguishable from the plaintiff's mark, I refer to this element as the "identicality requirement" for ease.

indistinguishable" is a jury question overstates the case; a plaintiff must still plead factual content sufficient to allow me "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Apart from the conclusory allegation that "the sale and distribution of counterfeit goods by [Bling Chemicals] have infringed upon the Marks," (Doc. 1 at ¶ 13), the counterfeiting cause of action consists of formulaic recitations of the elements without supporting factual allegations, (*id.* at ¶¶ 28–37). Such "[t]hreadbare recitals" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Because Boat Bling has failed to state a claim for trademark counterfeiting, the Second Cause of Action will be dismissed.

### B.    Leave to Amend

Although the court "should freely give leave when justice so requires," leave to amend may be denied if amendment is futile. Fed. R. Civ. P. 15(a)(2); *see Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995) ("[W]e affirmed the district court's denial of a motion for leave to amend because the proffered amendments would be nothing more than an exercise in futility."). Bling Chemicals urges me to deny leave to amend as futile, arguing that no amendment can transform "BLING" into BOAT BLING, BLING SAUCE, or BLING SAUCE PLATINUM. I agree.

The defect in Boat Bling's counterfeiting claim is a legal mismatch between the marks Boat Bling registered and the mark Bling Chemicals allegedly uses (while also displaying its house mark), not a shortage of factual detail that better pleading could supply. No amendment can change what those marks are, and—as discussed above—a consumer conducting even a cursory visual inspection would recognize the difference. *See Ningbo Aux*, 2026 WL 1773251, at *10 (dismissing counterfeiting theory predicated on non-verbatim marks with prejudice because "[n]o amendment can transform these non-verbatim marks into a mark that is identical to or substantially indistinguishable from" the registered mark).

Boat Bling identifies three categories of facts it says it could add on amendment: "the overlap in goods, the willful conduct of Defendant, and the consumer confusion

caused by Defendant's counterfeiting." (Doc. 11 at 8.)  None of these facts addresses the identicality requirement.  Overlap in goods speaks to the same-goods element, not identicality; willfulness goes to damages; and consumer confusion is separately pleaded and independently insufficient to satisfy counterfeiting's heightened standard.  That Boat Bling could identify no additional facts directed at the actual defect confirms that amendment would be futile.

Accordingly, the counterfeiting claim will be dismissed with prejudice.

## IV.    CONCLUSION

Trademark counterfeiting is a demanding standard reserved for the "hard core" of trademark infringement.  Boat Bling has not plausibly alleged such conduct.  The accused mark, "BLING," is neither identical to nor substantially indistinguishable from Boat Bling's registered multi-word marks, and Boat Bling has identified no additional facts that could cure that mismatch on amendment.

Accordingly,

**IT IS ORDERED** that Bling Chemicals' Partial Motion to Dismiss (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Second Cause of Action in the Complaint (Doc. 1) is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Bling Chemicals shall answer the remaining causes of action within the time set by Federal Rule of Civil Procedure 12(a)(4).

Dated this 27th day of July, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 7 -